IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHRISTOPHER A. FLOWERS                                                   PLAINTIFF

v.                              Case No. 6:17-cv-6057

DEPUTY MICHAEL MORGAN,
Hot Springs County Sheriff's Office                                  DEFENDANT

## **ORDER**

This is a civil rights case filed by Plaintiff Christopher A. Flowers under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* in this matter. At the time he filed the complaint, Plaintiff was incarcerated in the Hot Springs County Jail in Malvern, Arkansas.

On July 6, 2017, Plaintiff filed this lawsuit. Also on July 6, 2017, the Court filed an order granting *in forma pauperis* ("IFP") status to Plaintiff. (ECF No. 3). In the order, Plaintiff was advised that his case would be dismissed if he did not keep the Court apprised of his current address.

On July 14, 2017 and July 27, 2017, mail sent to Plaintiff by the Court was returned as undeliverable. As of the date of this Order, Plaintiff has not given the Court a valid, updated address.

While *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules

of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure also specifically contemplate dismissal of a case because the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to comply with a Court order. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint is hereby **DISMISSED WITHOUT PREJUDICE** for failure to comply with the Court's Local Rules and orders, as well as for Plaintiff's failure to prosecute this case.

**IT IS SO ORDERED** this 24th day of August, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge